**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AARON MCCOY,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 1:18-CV-04123-TJS** |
| | : | |
| **DETECTIVE KEENYA TAYLOR,** | : | |
| **DETECTIVE/SERGEANT** | : | |
| **JOSEPH JENKINS AND** | : | |
| **PHILADELPHIA** | : | |
| **POLICE PERSONNEL JOHN** | : | |
| **AND/OR JANE DOE,** | : | |
| **(1-5)** | : | |
| | : | |
| **Defendants.** | : | |

## AMENDED COMPLAINT

Plaintiff Aaron McCoy ("Plaintiff") by and through his undersigned counsel, hereby files this Amended Complaint and, in support thereof, avers as follows:

## Nature of the Action

1. This is an action for money damages, brought pursuant to 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution and state law against (i) Detective Keenya Taylor ("Defendant Taylor") and (ii) Detective Sergeant Joseph Jenkins ("Defendant Jenkins"), police detectives of and for the City of Philadelphia, and (iii) Philadelphia Police Personnel of and for the City of Philadelphia John and/or Jane Doe (1-5), each in their individual capacities and in their capacities as employees of the City of Philadelphia.

2. Defendants Taylor and Jenkins, maliciously prosecuted Plaintiff, violating his rights under the Fourth Amendment of the United States Constitution.

3.  This action brought pursuant to 42 U.S.C. § 1983, arises out of the malicious prosecution of Plaintiff by the Defendants employed by the City of Philadelphia, on or about January 27, 2014.

## Parties

4.  Plaintiff Aaron McCoy is a 33 year-old citizen of the United States, who currently resides at 234 Widener Street, Philadelphia, Pennsylvania, and prior to the facts underlying this action, was gainfully employed in the City of Philadelphia.

5.  Upon information and belief, Defendant Taylor is and was at all times relative hereto, a resident of Pennsylvania and a police detective employed by the City of Philadelphia Police Department.  At all times relevant to this Amended Complaint, Defendant Taylor was acting under the color of state law as a City of Philadelphia Police Detective.

6.  Upon information and belief, Defendant Jenkins is and was at all times relative hereto, a resident of Pennsylvania and a police detective sergeant employed by the City of Philadelphia Police Department.  At all times relevant to this Amended Complaint, Defendant Jenkins was acting under the color of state law as a City of Philadelphia Police Detective.

7.  Defendants Taylor and Jenkins are being sued in both their individual capacities and their official capacities as employees of the City of Philadelphia.

## Jurisdiction and Venue

8.  Plaintiff hereby incorporates each of the foregoing paragraphs as if set forth fully herein.

9.  This Court has subject matter jurisdiction under the claims herein pursuant to 28 U.S.C. § 1331 and 1343, as this action arises pursuant to 42 U.S.C. § 1983 to redress

the deprivation of rights, under color of state law, secured by the Fourth Amendment of the United States Constitution.

10. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

11. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 because the events and omissions giving rise to this Amended Complaint occurred in the City of Philadelphia in the Commonwealth of Pennsylvania.

**Facts**

12. Plaintiff hereby incorporates each of the foregoing paragraphs as if set forth fully herein.

13. On January 27, 2014, L.H. gave a statement to Defendant Taylor, wherein she alleged she was a cohabitant with Plaintiff and identified Plaintiff as her boyfriend and the father of her unborn child, notwithstanding the fact that L.H. was not a cohabitant of Plaintiff; was not then, nor ever, in a relationship with Plaintiff; nor has she ever been a cohabitant with Plaintiff or impregnated by Plaintiff.

14. L.H. stated to Defendant Taylor that she found out that she was pregnant (becoming pregnant in or about November 2013) and told Plaintiff (who she identified as the father). As a result, she and Plaintiff began to frequently argue, which resulted in her not being in the mood for intercourse. L.H. made these statements, even though L.H. was not pregnant by Plaintiff, nor had Plaintiff and L.H. ever been in a romantic or sexual relationship.

15. L.H. stated that on January 25, 2014, while lying in bed (that she claimed she shared with Plaintiff), Plaintiff forced her to engage in coitus by grabbing her and holding her down and that Plaintiff also forced her to perform fellatio. L.H. made these statements

[3]

even though L.H. never resided with, or shared a bed with Plaintiff nor was she ever in a sexual relationship with the Plaintiff.

16. L.H. further stated that Plaintiff sexually assaulted her a second time on January 26, 2014, again in the bed she allegedly shared with Plaintiff.  L.H. stated that the second assault occurred similar to the alleged assault of January 25, 2014, notwithstanding the fact that L.H. never shared a bed with Plaintiff, never resided with Plaintiff and never had any relationship with Plaintiff nor was she ever in a sexual relationship with Plaintiff.

17. L.H. called the police on January 27, 2014, and asked them to take her to a shelter. L.H. claimed that she called the police at an earlier time but did not realize she was in pain from Plaintiff's actions and could not recall if she reported a sexual assault during her alleged earlier call.  L.H. made these statements notwithstanding the fact that L.H. never resided with the Plaintiff, nor did she, or could she, make the alleged earlier call from Plaintiff's residence.

18. When pressed by Defendant Taylor if L.H. had told the police that she was sexually assaulted when she made her alleged earlier call, L.H. responded that she thought she did, she thought she told them everything, but she guessed that she omitted the sexual assault.  L.H. attributed the omission to fear and not from the Philadelphia area.

19. During her statement, L.H. purported that in addition to the violent sexual and physical assault allegedly committed by Plaintiff, she was held against her will and denied food for three days, further asserting that notwithstanding the actions allegedly carried out by Plaintiff, she did not report the incidents because Plaintiff would have another person fight her.

20. At the time that L.H. reported these alleged assaults to Defendant Taylor, L.H. indicated that the Plaintiff was at that very moment asleep in the alleged shared residence.

[4]

Remarkably, no one from the Philadelphia Police Department went to the residence to question Plaintiff.  Furthermore, the officer did not undertake any investigative activity to verify where the alleged crime took place or if the Plaintiff was or could be the perpetrator to the assault.

21. Had defendants conducted even a scintilla of an investigation they would have learned that the Plaintiff was living with another woman who was his girlfriend and at time L.H. was making her complaint, Plaintiff's girlfriend was pregnant with his child.

22. During the interview of L.H., Detective Taylor never asked L.H. any questions concerning Plaintiff, such as where he was employed or did he have any weapons, or who else lived in the residence with them, or have her describe the crime scene.  Furthermore, Defendant Taylor did not respond to the alleged crime scene to secure photos or speak with Plaintiff at any time.

23. Despite L.H.'s proclamations of suffering from physical injuries as a result of the assaults, Defendants Taylor and Jenkins failed to note such injuries in police paperwork, nor did they photograph any areas of L.H.'s body where she was purportedly injured.

24. On January 27, 2014, L.H. underwent a Sexual Assault Forensic Examination. The nearly two-hour-long physical examination was documented on a Sexual Assault Forensic Examination Form and provided to Defendant Taylor. During the examination, L.H. was asked several questions related to the assault allegation.

25. The document revealed numerous inconsistencies to include:

    a. In the "Recent Sexual History" section L.H. listed the date she last had consensual intercourse was September 2013.  She identified the sexual partner "Friend Stephen."  She also stated that a condom was used and the area of penetration was "Anus."

[5]

b.  Despite her erroneous allegation of being impregnated by Plaintiff in or about November 2013 (three months), L.H. did not list the Plaintiff (her alleged boyfriend) as a recent consensual sexual partner.

c.  In the "Past Medical History" section, L.H. stated that she has several mental health disorders, which included PTSD, Depression and Bipolar disorder.

d.  L.H. informed Defendant Taylor that she suffered painful injuries to her back, neck, and ankle by Plaintiff during the alleged assault.  The examiner affirmatively noted that no injuries were observed anywhere on L.H.'s body during the physical examination, to include her neck, back, and lower extremities.

26. On April 3, 2014, sixty-six (66) days after L.H. provided her statement, Defendant Taylor, with the approval of Defendant Jenkins, swore and affirmed a criminal complaint charging Plaintiff with (one count each) rape, forcible compulsion, IDSI forcible compulsion, sexual assault, unlawful restraint/serious bodily injury, indecent assault forcible compulsion, simple assault, reckless endangerment of another person, false imprisonment and aggravated assault.

27. At no time did Defendant Taylor or Defendant Jenkins perform any additional investigative work, aside from the statement made by L.H., to ascertain or determine credibility or probability of the alleged assault(s).  Nor did the Defendants question L.H. about the inconsistencies in her statement to the Forensic Examiner.

28. Furthermore, contrary to L.H.'s statement to Defendant Taylor that Plaintiff was the father of her unborn child, DNA testing of the child confirmed that the Plaintiff was not the father.

29. Defendant Taylor provided the following statement in the affidavit of probable cause:

> The Complainant[,] a twenty-one year old female stated the following in summary to the assigned on 1-27-2014 inside the Special Victims Unit. The Complainant stated that on 1-26-2014 she was inside 234 Widner [sic] Street (Phila. Pa.) with her live-in boyfriend, Aaron McCoy (Offender). The Complainant stated that she and the Offender was [sic] in bed together when the Offender asked her to engage in sex with her.  The Complainant told the Offender "No". [sic] The Offender then grabbed the Complainant and forced her to engage in oral and vaginal sex with him against her will. The Complainant then told the Assigned that after the assault the Offender fell asleep and the Complainant left the residence and the police were notified. The Complainant also told the Assigned that she is pregnant and the Offender is the father of her unborn child.

30. Defendant Taylor in reckless disregard for the truth omitted contradicting and conflicting information that was both exculpatory and cast doubts on the veracity of L.H.'s allegations. Said contradicting and conflicting information is easily gleaned from the Sexual Assault Forensic Examination Form.  Said information would have enabled the neutral party responsible for issuing a warrant to evaluate all of the facts related to the allegation for a determination of probable cause and would have reasonably concluded that no probable cause existed for the arrest of Plaintiff.

31. Furthermore, Defendant Taylor did not inform the issuing authority that none of the information provided by L.H. was verified or corroborated in the intervening sixty-six days from the date of L.H.'s complaint to the date that a warrant was requested.  Defendant Taylor knew that the information was not verified because Defendant Taylor failed to investigate the allegations.

32. On June 19, 2014, 143 days after L.H.'s complaint, Plaintiff learned of a warrant for his arrest and turned himself into the 35th District.  Notable here is the fact that the Plaintiff remained in the same residence he lived in on the date of the alleged assaults and

the date of the complaint, the same residence L.H. claimed to have cohabitated with him. He was arrested, handcuffed, photographed and fingerprinted.  Furthermore, Plaintiff was charged with the crimes of rape, forcible compulsion, IDSI forcible compulsion, sexual assault, unlawful restraint/serious bodily injury, indecent assault forcible compulsion, simple assault, reckless endangerment of another person and false imprisonment and aggravated assault; crimes he did not commit.

33. Plaintiff was held at the 35th District for eight (8) hours. However, no law enforcement officials spoke with or attempted to speak with the Plaintiff.

34. Plaintiff was then transferred to the Special Victims Unit, where he was held for an additional fifteen (15) hours.  Again, no personnel to include the Defendants spoke with Plaintiff or attempted to speak with the Plaintiff.

35. Plaintiff was subsequently transferred to State Road, where he was detained in custody with the Philadelphia Department of Corrections for thirteen (13) months.

36. In August of 2014, the Philadelphia Department of Human Services (DHS) was made aware that L.H. had a history of mental health issues.  Additionally, DHS discovered that L.H. alleged in 2012 that three suspects sexually assaulted her, and that said assault resulted in her second pregnancy.  Despite having discovered this information, and having full knowledge that Plaintiff was in custody for sexually assaulting L.H., no action was taken by Defendants Taylor or Jenkins to turn over the information to Plaintiff who remained in custody for an additional eleven (11) months.

37. As a direct consequence of his arrest, Plaintiff lost employment with Dietz & Watson as a production line worker, earning $9.50 per hour.  Plaintiff was a full-time employee, typically working at least 50 hours per week, before his termination.

[8]

38. On August 29, 2016, all charges against Plaintiff were dismissed when, in part, Plainitff's defense counsel made the court aware of the information cocnerning L.H.'s mental health.

## COUNT I

### Commonwealth of Pennsylvania
### Malicious Prosecution

39. Plaintiff hereby incorporates each and every one of the foregoing paragraphs as if fully set forth herein.

40. On April 3, 2014, Defendants unlawfully charged Plaintiff with, *inter alia*, sexual assault.  Defendants knew, at all relevant times hereto, that there was no probable cause or other lawful basis to initiate and continue a criminal prosecution against Plaintiff, but did nonetheless maliciously prosecute Plaintiff, causing him to suffer severe damages and injuries.

41. Defendant Taylor's disastrous failure to investigate any aspect of L.H.'s claim, or to conduct even a scintilla of investigative work to corroborate any of the information provided by L.H., resulted in the malicious prosecution of Plaintiff.

42. Defendants Taylor and Jenkins knowingly and deliberately or in reckless disregard for the truth excluded contradicting and conflicting information that was both exculpatory and cast doubts on the veracity of L.H.'s allegations.  Said information was evident from the Sexual Assault Forensic Examination Form that would have led to the reasonable conclusion that no probable cause existed for the arrest of Plaintiff.

43. Defendant Jenkins did not supervise Defendant Taylor to ensure that Defendant Taylor conducted a proper and thorough investigation, prior to instructing Taylor to obtain a criminal complaint against Plaintiff, where there was no probable cause that Plaintiff

committed the crimes as charged.  The actions and inaction of Defendants contributed to the erroneous investigation, arrest and malicious prosecution of Plaintiff.

44. In arresting and initiating the prosecution against Plaintiff, Defendants acted with malice and without legal justification.  Defendants failed to follow or enforce rules, regulations, and policies that mandate members of the Philadelphia Police Department, to conduct complete and thorough investigations.  The actions and inaction of the Defendants led to the erroneous investigation, arrest and malicious prosecution of the Plaintiff.

45. On August 29, 2016, the information from DHS was discovered by Plaintiff's criminal attorney resulting in the dismissal of all charges against Plaintiff being dismissed. Furthermore, Defendants failed to timely disclose Brady material that would have resulted in the charges against Plaintiff being dismissed nearly a year earlier in August 2015.

46. Because Plaintiff was falsely and maliciously accused of being a rapist, now requiring that he have supervised visits with his biological children.

47. The actions and inaction of the Defendants violated the clearly established and well settled federal, Constitutional and state law rights of the Plaintiff to be free from malicious prosecution.

48. As a direct and proximate result of the above-described actions of Defendants, Plaintiff suffered and continues to suffer from great mental anguish, along with other damages and injuries.

## COUNT II

### 42 U.S.C. § 1983 Against Defendants Taylor and Jenkins
### Fourth Amendment Malicious Prosecution

49. Plaintiff hereby incorporates each every one of the foregoing paragraphs as if fully set forth herein.

50. This claim is alleged pursuant to Section 1983 of the Civil Rights Act, 42 U.S.C. § 1983.

51. The claims alleged above and herein are predicated upon the applicable laws and controlling doctrine, which at all times relevant to this incident were clearly established. Defendants Taylor and Jenkins knowingly and deliberately or in reckless disregard for the truth excluded contradicting and conflicting information that was both exculpatory and cast doubts on the veracity of L.H.'s allegations, as described above, constitute malicious prosecution and unlawful detention.

52. As a direct and proximate result of Defendants Taylor and Jenkins' conduct, which was carried out under color of state law, Plaintiff was deprived of his rights and privileges secured by the Fourth Amendment of the United States Consitution to be free from malicious prosecution and unlawful detention.

53. Defendants Taylor and Jenkins violated a clearly established Constitutional right to be free from malicious prosecution and unlawful detention.

54. Defendant Taylor and Jenkins knew or reasonably should have known that their actions or inaction violated that right.

55. The actions of Defendants Taylor and Jenkins were willful, reckless, callously indifferent, and in conscious disregard for the safety of others.

56. As a direct and proximate result of the above-described actions of Defendants Taylor and Jenkins, Plaintiff sustained mental anguish.

57. Defendants Taylor and Jenkins' actions were of such an outrageous nature, as to rise to the level of intentional, willful, wanton, and/or reckless conduct.

JACOBS & BARBONE, P.A.

By:  /s/ Timothy C. Alexander
     Timothy C. Alexander, Esquire
     Attorneys for the Plaintiff
     JACOBS & BARBONE, P.A.
     1125 Pacific Avenue
     Atlantic City, NJ 08401
     Tel: (609) 348--1125
     Fax: (609) 348-3774
     talexander@jacobsbarbone.law
     Counsel for Plaintiff

Dated: October 17, 2018

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury in this action for all issues so triable.


Respectfully submitted,

Dated: October 17, 2018                 */s/ Timothy C. Alexander*
                                                        Timothy C. Alexander
                                                        JACOBS & BARBONE, P.A.
                                                        1125 Pacific Avenue
                                                        Atlantic City, NJ 08401
                                                        Tel: (609) 348--1125
                                                        Fax: (609) 348-3774
                                                        talexander@jacobsbarbone.law
                                                        Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I, Timothy C. Alexander, hereby certify that a true and correct copy of the foregoing Amended Complaint was served on this 17th day of October 2018 via ECF and electronic mail upon the following:

Shannon Zabel, Esquire
Philadelphia Law Department
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
Counsel for Defendants

/s/ *Timothy C. Alexander*
Timothy C. Alexander, Esquire
JACOBS & BARBONE, P.A.
1125 Pacific Avenue
Atlantic City, NJ 08401
Tel: (609) 348--1125
Fax: (609) 348-3774
talexander@jacobsbarbone.law
Counsel for Plaintiff